UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON HEALTH CARE AUTHORITY,<br><br>     Plaintiff,<br> v.<br>ALEX M. AZAR II, et al.<br><br>     Defendants. | CASE NO. 3:19-CV-06137-BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 46, Plaintiff State of Washington Health Care Authority's ("State") partial objections, Dkt. 47, and Defendants Alex Azar II, Seema Verma, and the Centers for Medicare and Medicaid Services' (collectively "Federal Defendants") objections to the R&R, Dkt. 48.

## I. BACKGROUND AND PROCEDURAL HISTORY

The State seeks a declaratory judgment regarding the payment formula applied by a federal Medicaid program, administered by the State, for incentive payments to local hospitals to promote the use of electronic health record ("E.H.R.") systems. Dkt. 1 at ¶¶ 2, 14–15. The State seeks declarations arising out of the Federal Defendants' assertion

that they overpaid approximately $11 million to the State for E.H.R. payments to the "Hospital Defendants."[1]  *Id.* at ¶¶ 30, 44.  According to the State's complaint, the Federal Defendants' calculation of the putative overpayment is based upon an interpretation of the governing statute and regulations that excludes from the payment formula Medicaid patient bed days that were not paid by Medicaid ("unpaid bed days").  *Id.* at ¶ 4.  The complaint states that the Federal Defendants sent a letter demanding repayment of the alleged overpayment and "threatened to proceed" with a disallowance action if the State did not timely respond.  *Id* at ¶ 30.  The State alleges that it then conducted its own audit using the Federal Defendants' calculation methodology and sent notices of the overpayment to the Hospital Defendants.  *Id.* at ¶ 31.  The complaint alleges that the Hospital Defendants are contesting the State's notices in ongoing state administrative hearings.  *Id.* at ¶ 32.  The State asserts that the Hospital Defendants have raised arguments in the pending administrative proceedings contesting the appropriateness and legitimacy of the exclusion of unpaid bed days.  *Id.* at ¶¶ 41, 42.  The State seeks declaratory judgment on these issues, requesting that the Court declare (1) whether unpaid Medicaid bed days must be excluded from the E.H.R. payments and (2) whether the Federal Defendants' reliance upon sub-regulatory guidance regarding unpaid bed

---

[1] The Hospital Defendants are Kadlec Regional Medical Center, King County Public Hospital District No. 2, Providence Centralia Hospital, Providence Holy Family Hospital, Providence Mount Carmel Hospital, Providence Regional Medical Center Everett, Providence Sacred Heart Medical Center, Providence St. Mary Medical Center, Providence St. Peter Hospital, Snohomish County Public Hospital District No. 1, Swedish Medical Center Cherry Hill, Swedish Medical Center Edmonds, Swedish Medical Center First Hill/Ballard, Swedish Medical Center Issaquah, and Seattle Children's Hospital.

days violates the Administrative Procedures Act, 5 U.S.C. §§ 553, 701–06. *Id*. at ¶¶ 50, 55.

The Federal Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction,[2] arguing that (1) the Declaratory Judgment Act does not itself supply subject matter jurisdiction and the State failed to allege an adequate independent source of jurisdiction in the absence of final agency action; (2) the State failed to identify a waiver of sovereign immunity; (3) the State lacks standing and its claim is not ripe; and (4) the State failed to exhaust its administrative remedies. Dkt. 23. The Hospital Defendants filed a "response" urging that if the claims against the Federal Defendants are dismissed, the claims against the Hospital Defendants should also be dismissed. Dkt. 32. The State responded to the Federal Defendants' motion, Dkt. 31, and opposed the Hospital Defendants' "response," Dkt. 41. The Federal Defendants and Hospital Defendants replied. Dkts. 35, 42. The State filed a surreply, objecting to the Federal Defendants' submission of a Declaration on reply. Dkt. 38.

On July 27, 2020, Judge Fricke issued the R&R recommending dismissal of this case against all Defendants for lack of subject matter jurisdiction because the State's claims are based upon an anticipated administrative action that is not yet final. Dkt. 46 at 19–25. The R&R recommended rejecting the Federal Defendants' additional arguments for dismissal. *Id*. at 10–19, 25–27.

---

[2] The Federal Defendants argued in the alternative for dismissal for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The R&R found, and this Court agrees, that there is a lack of subject matter jurisdiction; therefore, the Court does not consider whether the State has stated a claim under Fed. R. Civ. P. 12(b)(6).

On August 10, 2020, the State filed a partial objection to the R&R: the State does not object to the R&R's recommended dismissal of its claims against the Federal Defendants for lack of subject matter jurisdiction but objects to the dismissal of its claims against the Hospital Defendants.  Dkt. 47.  On the same date, the Federal Defendants filed objections to the R&R's rejection of its additional arguments for dismissal.  Dkt. 48.  On August 27, 2020, the Hospital Defendants responded to the State's partial objection, urging the adoption of the R&R's recommendation of their dismissal because a claim against the Hospital Defendants alone would not meet standing requirements and because there are compelling reasons for the Court to decline to exercise its discretionary jurisdiction.  Dkt. 51.  On August 24, 2020, the Federal Defendants responded to the State's partial objection.  Dkt. 49.  On August 26, 2020, the State responded to the Federal Defendants' objections.  Dkt. 50.

## II.  DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

**A.  State's Motion to Strike**

The State filed a surreply requesting that the Court strike the Declaration of Janet Freeman, Dkt. 36, which the Federal Defendants submitted in reply to the State's response to their motion to dismiss.  Dkt. 38.  The State does not object to the R&R's

recommendation that the motion be denied. The Court therefore adopts the R&R and denies the motion to strike.

**B.   Federal Defendants' Objections**

The State does not object to the R&R's determination that the Court lacks subject matter jurisdiction over the Federal Defendants because the claims are based upon an anticipated administrative action that is not yet final. Dkt. 46 at 24. The claims against the Federal Defendants will therefore be dismissed. Accordingly, the Court does not reach the Federal Government's arguments that the State's claims should also be dismissed for the additional reasons of lack of standing and ripeness, lack of a waiver of sovereign immunity, and failure to exhaust administrative remedies.

**C.   State's Partial Objection**

   **1.   Parties' Arguments**

The State argues that, notwithstanding the dismissal of all claims against the Federal Defendants, the claims against the Hospital Defendants should remain. Dkt. 47. While it is not clear from the face of the Complaint or the briefing before Judge Fricke, the State's now argues in its partial objection that Count 1 of the complaint, which seeks declaratory judgment regarding the inclusion of unpaid bed days, was asserted only against the Hospital Defendants. *Id*. at 3. The State argues that this count does not suffer from the same infirmity as its claim against the Federal Defendants because the test for jurisdiction over a declaratory judgment action—whether there would be jurisdiction over a coercive action by the party against whom the declaration is sought—is met with respect to the Hospital Defendants. *Id*. at 7. The State argues that the potential coercive

action by the Hospital Defendants is an action under 42 U.S.C. § 1983 for deprivation of rights conferred by the Medicaid Act, 42 U.S.C. § 1396b(t). Dkt. 47 at 8. Finally, the State argues that, due to the procedural posture in which the Hospital Defendants' request for dismissal was presented before Judge Fricke, this Court should re-refer this issue for a more complete determination; alternatively, the State seeks leave to amend its complaint. *Id.* at 9–11.

The Hospital Defendants respond that, in light of the dismissal of the Federal Defendants, the State lacks standing because (1) the declaration it seeks would not bind the Federal Defendants and would therefore not redress the State's injuries; (2) the potential coercive action the State now argues as a ground for subject matter jurisdiction is speculative; and (3) the State has never taken a concrete position on the unpaid bed days issue and thus there is no actual controversy. Dkt. 51 at 6–9. Finally, the Hospital Defendants urge that even if subject matter jurisdiction exists, exercise of jurisdiction under the Declaratory Judgment Act is discretionary and there are compelling reasons to deny it here. *Id*. at 9–12.

**2.     Analysis**

The R&R (as well as the parties' briefing to Judge Fricke) analyzed count 1 of the complaint as applying to all parties. Dkt. 46 at 6; Dkt. 23 at 17; Dkt. 31 at 10. The R&R recommends dismissal of all parties because the State's claims were premised upon alleged coercive action by the Federal Defendants that was not yet final. Dkt. 46 at 28. The Court agrees with the R&R that dismissal of the Federal Defendants removes the

coercive action alleged in the complaint as the foundation for subject matter jurisdiction and requires dismissal of the complaint against all parties.

The State urges a reinterpretation of its complaint to assert a standalone claim against the Hospital Defendants that is neither evident from the face of the complaint nor argued in the parties' briefing to Judge Fricke.  The Hospital Defendants have, in response, asserted potentially dispositive new arguments (in addition to arguments previously presented to Judge Fricke) that dispute the State's standing to bring such claims.  It is not proper for this Court to consider arguments and theories not presented to the magistrate judge.  *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds, United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).  Instead, the State's new theory, and the Hospital Defendants' defenses, should be addressed in an amended complaint and responsive motion practice before Judge Fricke.

Leave to amend the complaint "should [be] freely give[n]" and should be allowed unless the complaint cannot state a claim under any conceivable set of facts.  Fed. R. Civ. P. 15; *Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).  The R&R correctly found that, in light of the lack of final agency action, no amendment could cure the lack of subject matter jurisdiction with respect to the Federal Defendants.  Dkt. 46 at 27.  However, this finding of futility does not apply to the claims against the Hospital Defendants; in light of the liberal standard governing amendment, the Court grants the State's request for leave to amend with respect to the Hospital Defendants.

|   |   |
|---|---|
| 1 | **III.  ORDER** |

The Court having considered the R&R, the parties' objections and responses, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The State's motion to strike the Declaration of Janet Freemen, Dkt. 38, is **DENIED**;

(3) The Federal Defendants' motion to dismiss, Dkt. 23, is **GRANTED**;

(4) The claims against the Federal Defendants are **DISMISSED** for lack of subject matter jurisdiction without leave to amend;

(5) The State's claims against the Hospital Defendants are **DISMISSED** for lack of subject matter jurisdiction with leave to amend; and

(6) This matter is re-referred to Judge Fricke; the Court defers to Judge Fricke to set a deadline to file the amended complaint.

Dated this 29th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge